[Crim. No. 3410.   Third Dist.   July 10, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES HOMER SCOTT, Defendant and Appellant.

James Homer Scott, in pro. per., and Gus E. Skarakis, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat A. Agliano, Deputy Attorney General, for Plaintiff and Respondent.

PIERCE, P. J.—Two defendants, one of whom is appellant Scott, were charged, tried and found guilty by a jury of violation of Penal Code section 459, in entering a building, to wit: a telephone booth, with intent to commit theft.   Upon appellant's request we appointed counsel to represent him on this appeal.   This attorney, after examining the record, has advised the court he can find no meritorious grounds for appeal.   We have also reviewed the record and have considered the arguments made by appellant personally in a letter addressed to the court.   We also find no merit to the appeal.

Commission of the offense was observed by a woman and her 17-year-old daughter from the vantage point of the front window and porch of their home. The phone booth is located near the front of their premises. The scene was well lighted by a street light. The attention of the two women was directed by a loud noise. One of the men, who appeared to be the shorter of the two, was observed in the booth. ''[H]e had a long object with him and was prying at something. . . . He kept pulling down.'' The other was standing by. A parked brown or maroon colored 1949 or 1950 Chevrolet with whitewall tires and without hubcaps was described. The men got into the car, drove off and then returned. The shorter of the two men reentered the booth. He again began ''prying at the same object he had been prying at before.''

The daughter phoned the sheriff's office, giving a description of the men and of the car. At approximately the same time an automatic alarm reported a tampering with the phone booth coin box to the sheriff. Meanwhile the two men had gotten into their car and had again driven off.

An officer in a patrol car arrived at the scene, found the coin box had been tampered with; that its housing was on the floor of the booth. The dome light had been broken. He drove off and overtook a car a few blocks away. Since it fitted the description given by the two women, the car was stopped. Its occupants were the two defendants. Thereafter the mother and daughter both positively identified them as the men observed earlier. (The identification was repeated by them as witnesses at the trial.) Two large screw drivers, a pair of cotton gloves and a pair of leather gloves were found by investigating officers in the defendants' car. A crowbar, or ''wrecking'' bar was found at the phone booth.

Appellant apparently does not contend the jury's verdict was unsupported by substantial evidence. Instead he urges us to reweigh the evidence because of conflicting statements of prosecution witnesses. This we may not do. (*People v. Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) The inconsistencies, moreover, to which our attention has been directed appear unsubstantial. They relate principally to comparative descriptions of the height and weight of the two men as observed by the mother and daughter. Appellant, stating in his letter to us his own claimed height and weight and those of the codefendant, asserts the women misdescribed them. We cannot appraise this but the jury was able to. Inaccuracy of description, moreover, does not necessarily nul-

lify the value of an identification. (See *People* v. *Davis,* 217 Cal.App.2d 595 [31 Cal.Rptr. 686].) The identifications here were positively made under conditions not inherently incredible. They were strengthened by an accurate description of the automobile in which defendants were discovered riding a short time after the actual burglary attempt.

Appellant was fairly tried and convicted on substantial evidence. Our review of the record completely negates his further contention he was inadequately represented by trial counsel.

The judgment is affirmed.

Schottky, J., and Friedman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 4, 1963.